IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELEAZAR CALDERON SORIA,<br><br>　　　　　　　Petitioner,<br><br>　vs.<br><br>DOMINGO URIBE, JR.,[1] Warden (A),<br>California State Prison, Centinela,<br><br>　　　　　　　Respondent. | No. 2:09-cv-00102-JWS<br><br>MEMORANDUM DECISION |

　　　　Petitioner Eleazar Calderon Soria, a state prisoner appearing *pro se*, has filed a petition for habeas corpus relief under 28 U.S.C. § 2254.  Soria is currently in the custody of the California Department of Corrections and Rehabilitation, incarcerated at the California State Prison, Centinela.  Respondent has answered, and Soria has replied.

I.  BACKGROUND/PRIOR PROCEEDINGS

　　　　Following a jury trial, Soria was convicted in the Yolo County Superior Court of two counts of attempted voluntary manslaughter (Cal. Penal Code §§ 192(a), 664(a)), two counts of assault with a firearm upon a peace officer (Cal. Penal Code § 245(d)(1)), and one count of resisting an officer through threats, force or violence (Cal. Penal Code § 69), with true findings that Soria was personally armed with, and discharged, a firearm (Cal. Penal Code § 12022.5(a)) and that he knew the intended victims were peace officers.  The trial court sentenced Soria to an aggregate prison term of 48 years.  Soria timely appealed to the California Court of Appeal, Third District, which affirmed his conviction and sentence in an unpublished decision,[2] and the California Supreme Court summarily denied review without opinion or citation to authority on

---

　　　　[1] Domingo Uribe, Jr., Warden (A), California State Prison, Centinela, is substituted for George J. Giurbino, Warden, California State Prison, Centinela.  Fed. R. Civ. P. 25(d).

　　　　[2] *People v. Soria*, 2007 WL 2938572 (Cal. App. October 10, 2007)

January 3, 2008. Soria timely filed his petition for relief in the Central District of California on November 29, 2008, which transferred the petition to this court.

The facts underlying Soria's conviction, as recited by the California Court of Appeal, are:

> In July 2004, Soria lived with his girlfriend Angelina Sanchez and their daughter in a trailer in West Sacramento. Another daughter of Angelina, Sarah Gonzalez, lived in the trailer next door. During the night of July 23 or the early morning of July 24, [Soria], who was angry, awakened Angelina, grabbed her by the arm, and told her to call her son, Alex Sanchez.
>
> Instead of calling Alex, Angelina called Sarah. [Soria] took the phone away from Angelina and took her outside. He put a gun to Angelina's stomach. Sarah, who had come out of her trailer, saw what [Soria] was doing and begged him to stop. She tried to intervene, but he pushed her away. He then walked away. Sarah called 911.
>
> Officer Jason Fortier of the West Sacramento Police Department responded to the scene shortly after midnight. He spoke to Angelina and Sarah. Angelina told the officer that [Soria] had threatened to shoot her and her children. He also threatened that if the police were called he would shoot the police. [Soria] had a silver automatic handgun, with four to five magazines.
>
> The police received information that [Soria] was at his brother's house, nearby, on Walnut Street. Several people came out of the Walnut Street residence, leaving [Soria] and others inside, including [Soria's] uncle. Officer Justin Farrington called the cell phone of [Soria's] uncle, making brief contact with the uncle, but the call went dead after [Soria] yelled something in the background. Officer Farrington took a position behind an oak tree, with a view of the door into the house. Meanwhile, [Soria's] uncle came out of the house and reported that [Soria] had a handgun.
>
> Upon hearing that [Soria] had a handgun, Officer Farrington moved to a new position behind a parked sedan, with Officer Ed Hensley. Officer Farrington laid down on the ground and was able to see the door into the house from there. The lighting conditions were poor, but there was a light above the patio just outside the door.
>
> A police sergeant used the public address system in his patrol car to ask [Soria] to come out of the house unarmed. The police also had [Soria's] son make the same request over the public address system in Spanish. No less than five announcements were made over the public address system, asking [Soria] to come out. [Soria] did not respond.
>
> After several minutes, Officer Farrington saw a handgun, held by two hands, protrude from the doorway of the house. Slowly, [Soria] moved outside the door. He was holding the gun at chest level, moving it up and down and then to the left and to the right, as if looking for a target. Officer Farrington was to [Soria's] left. [Soria] looked in Officer Farrington's direction and paused,

appearing to look at the officer.  [Soria] pointed the handgun directly at Officer Farrington.

Having looked down the barrel of [Soria's] gun, Officer Farrington withdrew, hiding behind the front tire of the car.  His movement made noise, which, along with [Soria's] looking and pointing the gun in his direction, led Officer Farrington to believe that [Soria] knew where he was.  Defendant, however, retreated into the house.

Within 15 or 20 seconds, [Soria] reappeared in the doorway with his gun pointed in the direction of Officers Farrington and Hensley.  Again looking down the barrel of [Soria's] gun, Officer Farrington took a shot with his semiautomatic rifle.  [Soria], whose torso had been turned in Officer Farrington's direction, rotated so that he was facing straight out the door and moved toward the interior of the house.  As [Soria's] torso swung to the right, he fired multiple rounds from the handgun.  Officer Farrington fired another round, and either his first or his second shot hit [Soria].  Officer Hensley also fired at [Soria].  Although [Soria] fired eight rounds, none of them were in the direction of Officers Farrington and Hensley.  They were directed, generally, straight out from the doorway or to the right.[3]

## II.  GROUNDS RAISED/DEFENSES

Soria raises two grounds for relief:  (1) insufficiency of the evidence to support the conviction of assault on a peace officer; and (2) the trial court was required to instruct the jury that brandishing a firearm was a lesser included offense.  Respondent does not assert any affirmative defense.[4]

## III.  STANDARD OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d), this court cannot grant relief unless the decision of the state court was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" at the time the state court renders its decision or "was based

---

[3] *Soria*, 2007 WL 2938572  at *1–2.

[4] *See* Rules—Section 2254 Cases, Rule 5(b).

on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[5] The Supreme Court has explained that "clearly established Federal law" in § 2254(d)(1) "refers to the holdings, as opposed to the dicta, of [the Supreme Court] as of the time of the relevant state-court decision."[6] The holding must also be intended to be binding upon the states; that is, the decision must be based upon constitutional grounds, not on the supervisory power of the Supreme Court over federal courts.[7] Thus, where holdings of the Supreme Court regarding the issue presented on habeas review are lacking, "it cannot be said that the state court 'unreasonabl[y] appli[ed] clearly established Federal law.'"[8] When a claim falls under the "unreasonable application" prong, a state court's application of Supreme Court precedent must be objectively unreasonable, not just incorrect or erroneous.[9] The Supreme Court has made clear that the objectively unreasonable standard is a substantially higher threshold than simply believing that the state court determination was incorrect.[10] "[A]bsent a specific constitutional violation, federal habeas corpus review of trial error is limited to whether the error 'so infected

---

[5] 28 U.S.C. § 2254(d); *see Williams v. Taylor*, 529 U.S. 362, 404–06 (2000); *see also Lockyer v. Andrade,* 538 U.S. 63, 70–75 (2003) (explaining this standard).

[6] *Williams*, 529 U.S. at 412.

[7] *Early v. Packer*, 537 U.S. 3, 10 (2002).

[8] *Carey v. Musladin*, 549 U.S. 70, 77 (2006) (alterations by the Court); *see Wright v. Van Patten*, 552 U.S. 120, 127 (2008) (per curiam); *Kessee v. Mendoza-Powers*, 574 F.3d 675, 678–79 (9th Cir. 2009); *Moses v. Payne*, 555 F.3d 742, 753–54 (9th Cir. 2009) (explaining the difference between principles enunciated by the Supreme Court that are directly applicable to the case and principles that must be modified in order to be applied to the case; the former are clearly established precedent for purposes of § 2254(d)(1), the latter are not).

[9] *Wiggins v. Smith*, 539 U.S. 510, 520–21 (2003) (internal quotation marks and citations omitted).

[10] *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007).

the trial with unfairness as to make the resulting conviction a denial of due process.'"[11] In a federal habeas proceeding, the standard under which this court must assess the prejudicial impact of constitutional error in a state-court criminal trial is whether the error had a substantial and injurious effect or influence in determining the outcome.[12] Because state court judgments of conviction and sentence carry a presumption of finality and legality, the petitioner has the burden of showing by a preponderance of the evidence that he or she merits habeas relief.[13]

In applying this standard, the court reviews the last reasoned decision by the state court,[14] which in this case is the California Court of Appeal. Under AEDPA, the state court's findings of fact are presumed to be correct unless the petitioner rebuts this presumption by clear and convincing evidence.[15] This presumption applies to state trial courts and appellate courts alike.[16]

## IV. DISCUSSION

Ground 1: Insufficiency of the Evidence.

Soria argues that the evidence was insufficient to convict him of assault on a peace officer. Specifically, Soria contends that there was insufficient evidence of a present ability to

---

[11] *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974).

[12] *Fry v. Pliler*, 551 U.S. 112, 121 (2007) (adopting the standard set forth in *Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993)).

[13] *Silva v. Woodford*, 279 F.3d 825, 835 (9th Cir. 2002); *see Wood v. Bartholomew*, 516 U.S. 1, 8 (1995) (per curiam) (stating that a federal court cannot grant "habeas relief on the basis of little more than speculation with slight support").

[14] *Ylst v. Nunnemaker*, 501 U.S. 797, 804 (1991); *Robinson v. Ignacio,* 360 F.3d 1044, 1055 (9th Cir. 2004).

[15] 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

[16] *Stevenson v. Lewis*, 384 F.3d 1069, 1072 (9th Cir. 2004).

use actual force or violence against the person of another. The California Court of Appeal rejected Soria's argument, holding:

> [Soria] contends the evidence was insufficient to sustain the convictions for assault on a peace officer. The contention is without merit.
> When considering a contention that the evidence was insufficient to sustain the conviction, the court "must review the whole record in the light most favorable to the judgment below to determine whether it discloses substantial evidence-that is, evidence which is reasonable, credible, and of solid value such that a reasonable trier of fact could find the [Soria] guilty beyond a reasonable doubt." (*People v. Johnson* (1980) 26 Cal.3d 557, 578.)
> "Any person who commits an assault with a firearm upon the person of a peace officer or firefighter, and who knows or reasonably should know that the victim is a peace officer or firefighter engaged in the performance of his or her duties, when the peace officer or firefighter is engaged in the performance of his or her duties, shall be punished by imprisonment in the state prison for four, six, or eight years." (Pen.Code, § 245 , subd. (d)(1).) "An assault is an unlawful attempt, coupled with a *present ability,* to commit a violent injury on the person of another." (Pen.Code, § 240 , italics added.)
> [Soria's] specific contention is that he did not have the present ability necessary to sustain the conviction. He claims there was no evidence he knew where the officers were, citing the lack of lighting and the direction in which [Soria] fired that is, away from Officers Farrington and Hensley.
> To the contrary, the evidence was sufficient to support reasonable inferences by the jury that (1) [Soria] either saw the officers or heard them and (2) his firing away from the officers was a result of either being shot or reacting to the officers' shooting as he was attempting to shoot the officers.
> [Soria] either saw or heard Officers Farrington and Hensley and, thus, he knew where they were. [Soria] asserts: "Although it is true that both officers saw [Soria] turn towards them and point his gun in their direction, the absence of any light in their area means he could not possibly have seen them." Contrary to the inference [Soria] would have us draw, another reasonable inference supported by the evidence is that, despite the poor lighting, [Soria] saw the officers. After scanning the view from the doorway, [Soria] looked in the officers' direction and pointed his gun at them. The second time that [Soria] appeared in the doorway he immediately focused his attention on the position of the officers. Even if he did not see them, his attention may have been drawn to the area when Officer Farrington made noise while drawing back to hide behind the tire.
> The fact that [Soria's] shots did not go in the direction of Officers Farrington and Hensley does not preclude a finding that he had a present ability to cause a violent injury to the officers. He aimed his handgun directly at the officers not once but twice. The second time he did so immediately upon

> reappearing in the doorway. He then fired eight rounds. The evidence supports the inference that the eight shots went in the other direction because [Soria] was reacting to the officers' shots. Frankly, it is fortunate that the officers fired first because [Soria], who had threatened to shoot any police who showed up and exhibited every intention of doing so rather than surrendering, was about to shoot in their direction.
>     The evidence was sufficient to support the present ability element of assault on a peace officer. [Soria] contests the sufficiency of no other element, and we conclude that his contention is without merit.[17]

As established by the Supreme Court in *Jackson*, the constitutional standard for sufficiency of the evidence is whether, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[18] This court must, therefore, determine whether the decision of the California Court of Appeal unreasonably applied *Jackson*. In making this determination, this court may not usurp the role of the finder of fact by considering how it would have resolved any conflicts in the evidence, made the inferences, or considered the evidence at trial.[19] Rather, when "faced with a record of historical facts that support conflicting inferences," this court "must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflicts in favor of the prosecution, and defer to that resolution."[20]

Soria misperceives the role of a federal court in a habeas proceeding challenging a state court conviction. This court is precluded from either re-weighing the evidence or assessing the credibility of witnesses. Under *Jackson*, the role of this court is to determine whether there is

---

[17] *Soria*, 2007 WL 2938572 at *2–3.

[18] *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in the original); *see McDaniel v. Brown*, 558 U.S. ___, 130 S. Ct. 665, 673 (2010) (reaffirming this standard).

[19] *Jackson*, 443 U.S. at 318–19.

[20] *Id.* at 326; *see McDaniel*, 130 S. Ct. at 673–74.

any evidence which, if accepted as credible by the jury, is sufficient to sustain conviction.[21] That such evidence exists is established by the record in this case. Soria bears the burden of establishing by clear and convincing evidence that the factual findings of the state court were erroneous;[22] a burden Soria has failed to carry.

It is a fundamental precept of dual federalism that the States possess primary authority for defining and enforcing the criminal law.[23] Consequently, although the sufficiency of the evidence review by this court is grounded in the Fourteenth Amendment, it must undertake its inquiry by reference to the elements of the crime as set forth in state law.[24] This court must also be ever mindful of the deference owed to the trier of fact and the sharply limited nature of constitutional sufficiency review.[25]

In this case, the California Court of Appeal determined that a rational jury could reasonably infer from the evidence that Soria had the present ability to use actual force or violence against the person of another. Based upon the record before it, this court cannot find that the decision of the California Court of Appeal was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[26] Nor can this court find that the state court

---

[21] *See Schlup v. Delo*, 513 U.S. 298, 340 (1995).

[22] 28 U.S.C. § 2254(e)(1).

[23] *See Engle v. Isaac*, 456 U.S. 107, 128 (1982).

[24] *Jackson*, 443 U.S. at 324 n. 16.

[25] *Juan H. v. Allen*, 406 F.3d 1262, 1275 (9th Cir. 2005).

[26] 28 U.S.C. § 2254(d).

unreasonably applied the correct legal principle to the facts of Soria's case within the scope of *Andrade-Williams-Schriro*. Soria is not entitled to relief on his first ground.

Ground 2:  Brandishing as Necessarily Included Lesser Offense.

Soria contends that the trial court should have, *sua sponte*, instructed the jury that brandishing a firearm is a lesser included offense of assault with a firearm. The California Court of Appeal rejected Soria's argument, holding:

> [Soria] contends the trial court erred in not instructing, sua sponte, on brandishing a firearm (Pen.Code, § 417, subd. (a)(1)) as a lesser included offense, where he was charged with assault with a firearm on a peace officer (Pen.Code, § 245, subd. (d)(1)). The contention is without merit.
> A trial court must instruct on all necessarily included offenses supported by the evidence. (*People v. Breverman* (1998) 19 Cal.4th 142, 148-149.) The lesser offense must be necessarily included as a matter of law, considered in the abstract. (*People v. Steele* (2000) 83 Cal.App.4th 212, 218 (*Steele* ).) An offense is necessarily included if either the elements of the greater offense (elements test), or the allegations in the accusatory pleading (accusatory pleading test), are such that the lesser offense is necessarily committed if the greater offense is committed. (*People v. Birks* (1998) 19 Cal.4th 108, 117.)
> Brandishing a firearm is not a lesser included offense of assault with a firearm (or, as here, assault on a peace officer with a firearm). Therefore, not giving an instruction concerning brandishing a firearm was proper. (*Steele, supra,* 83 Cal.App.4th at pp. 217-221.)
> As noted by *Steele, supra,* 83 Cal.App.4th at pages 219 and 220, the California Supreme Court, 40 years ago, implied or stated in dicta that brandishing a firearm is a lesser included offense of assault with a firearm. (*People v. Wilson* (1967) 66 Cal.2d 749, 764 (*Wilson* ); *People v. Coffey* (1967) 67 Cal.2d 204, 222, fn. 21 (*Coffey* ).) Finding neither persuasiveness nor logic in the implied holdings or dicta of *Wilson* and *Coffey,* the Court of Appeal has consistently declined to consider those cases binding authority on the issue. Instead, the cases since then have consistently rejected the contention that brandishing a firearm is a lesser included offense of assault with a firearm.FN1 (See *Steele, supra,* 83 Cal.App.4th at pp. 217-221, and cases cited therein.)
> > FN1. *Steele* provides the following as reasons for not considering *Wilson* and *Coffey* as binding authority on the issue:
> > > "a. The Supreme Court did not specifically state that brandishing was a lesser included offense to assault with a firearm.

> "b. The court did not discuss the rationale behind lesser included offenses.
> "c. The court did not overrule the prior published appellate court decisions holding that brandishing was *not* a lesser included offense to assault with a firearm.
> "d. After publication of *Wilson,* the Supreme Court has consistently reaffirmed the principle that a lesser and necessarily included offense is one that *must* be committed in order to commit the greater offense. ( [*People v. Escarcega* (1974) 43 Cal.App.3d 391, 399-400] ) noted that it was possible to commit an assault with a firearm without brandishing it, therefore brandishing cannot be a lesser included offense to such an assault.)"
> "e. *Wilson* is not supported by any prior or subsequent cases, as [*People v. Carmen* (1951) 36 Cal.2d 768] did not so hold, and the footnote statement in *Coffey* is not binding authority."  (*Steele, supra,* 83 Cal.App.4th at p. 220, italics in original.)

Based on the reasoning of *Steele* and the cases it cites, we conclude the trial court was not required to instruct the jury, sua sponte, concerning brandishing a firearm.[27]

Due process and the Sixth Amendment to the Constitution require that a jury be correctly instructed as to every element of the crime with which a defendant is charged and convicted.[28] However, the issue before this court is whether due process requires that a jury be instructed as to all necessarily included lesser offenses.  Supreme Court precedent does not require a trial court to instruct the jury on a lesser included offense in a non-capital case,[29] and the Ninth Circuit has concluded that such a claim is not cognizable on federal habeas review.[30]  Here, the

---

[27] *Soria*, 2007 WL 2938572 at *3–4.

[28] *See United States v. Gaudin*, 515 U.S. 506, 522–23 (1995)

[29] *Beck v. Alabama,* 447 U.S. 625, 638 (1980)

[30] *Solis v. Garcia,* 219 F.3d 922, 929 (9th Cir. 2000); *see* 28 U.S.C. § 2254(d)(1); *Brewer v. Hall,* 378 F.3d 952, 955 (9th Cir. 2004) ("If no Supreme Court precedent creates clearly established federal law relating to the legal issue the habeas petitioner raised in state court, the state court's decision cannot be contrary to or an unreasonable application of clearly established federal law.").

California Court of Appeal held that, under California law, brandishing a firearm is not a lesser included offense of assault with a firearm.  Review of that determination, one of state law, is beyond the purview of this court.[31]  "[A]bsent a specific constitutional violation, federal habeas corpus review of [state court] error is limited to whether the error 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'"[32]  "'Federal courts hold no supervisory authority over state judicial proceedings and may intervene only to correct wrongs of constitutional dimension.'"[33]  Because Soria does not present an issue of constitutional dimension, he is not entitled to relief on his second ground.

## V.  CONCLUSION AND ORDER

Soria is not entitled to relief on any grounds raised in the petition.  Accordingly,

---

[31] As he did in his petition for review before the California Supreme Court, Soria argues that the decisions of the several Courts of Appeal are unpersuasive because they incorrectly assume that Cal. Pen. Code § 417 requires that the weapon be exhibited or displayed.  Be that as it may, it is an issue of the proper interpretation of state law, an issue beyond the purview of this court in a federal habeas proceeding.  *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (a federal habeas court cannot reexamine a state court's interpretation and application of state law); *Walton v. Arizona,* 497 U.S. 639, 653 (1990) (it is presumed that the state court knew and correctly applied state law), *overruled on other grounds by Ring v. Arizona*, 536 U.S. 584 (2002); *see also Engle*, 456 U.S. at 119 (challenging the correctness of the application of state law does not allege a deprivation of federal rights sufficient for habeas relief).  A determination of state law by a state intermediate appellate court is also binding in a federal habeas action.  *See Hicks v. Feiock,* 485 U.S. 624, 629–30 & n.3 (1988) (noting state appellate court's determination of state law is binding and must be given deference).  This is especially true where, as here, the highest court in the state has denied review of the lower court's decision.  *Id.*; *see West v. AT&T,* 311 U.S. 223, 237 (1940) ("This is the more so where, as in this case, the highest court has refused to review the lower court's decision rendered in one phase of the very litigation which is now prosecuted by the same parties before the federal court."); *Shannon v. Newland*, 410 F.3d 1083, 1087 (9th Cir. 2005) (same).

[32] *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)).

[33] *Sanchez-Llamas v. Oregon*, 548 U.S. 331, 345 (2006) (quoting *Smith v. Philips*, 455 U.S. 209, 221 (1982)); *see Wainwright v. Goode*, 464 U.S. 78, 86 (1983) (per curiam).

**IT IS ORDERED** that the Petition for a writ of habeas corpus under 28 U.S.C. § 2254 is **DENIED**.

**IT IS FURTHER ORDERED** that the court declines to issue a Certificate of Appealability.[34]  Any further request for a Certificate of Appealability must be addressed to the Court of Appeals.[35]

The Clerk of Court will please enter final judgment accordingly.

Dated:  May 3, 2010.

/s/ John W. Sedwick
United States District Judge

---

[34] 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (a COA should be granted where the applicant has made "a substantial showing of the denial of a constitutional right," *i.e.,* when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.") (internal quotation marks and citations omitted).

[35] *See* Fed. R. App. P. 22(b); Ninth Circuit R. 22-1.